UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WESTERN METAL INDUSTRY PENSION TRUST,

        Plaintiff,

  v.

RUTHFORD'S AUTO REBUILD, LTD.,

        Defendant.

NO. C06-525P

ORDER ON PLAINTIFF'S MOTION TO COMPEL INSPECTION OF PAYROLL RECORDS

       This matter comes before the Court on Plaintiff's motion to compel inspection of payroll records. (Dkt. No. 12). Having reviewed Plaintiff's motion and the balance of the record in this case, the Court finds and ORDERS as follows:

       (1)    Defendant has not appeared in this matter. Plaintiff obtained an order of default on June 6, 2006.

       (2)    By prior order, the Court directed Plaintiff to file a motion for default judgment by December 6, 2006. (Dkt. No. 11). The Court indicated that "[i]f Plaintiff believes that it needs an order from the Court to obtain the records needed to prove up its damages, Plaintiff shall move for such an order by November 6, 2006." Id. (emphasis in original).

       (3)    Pursuant to Fed. R. Civ. P. 37, Plaintiff has now moved for an order to compel Defendant to produce all payroll documents requested in Plaintiff's request for production of records.

ORDER - 1

Plaintiff indicates that it served these requests for production on Defendant on July 20, 2006 pursuant to Fed. R. Civ. P. 34.  It does not appear that the parties conducted a discovery conference pursuant to Fed. R. Civ. P. 26(f) before Plaintiff served these discovery requests.  Unless the parties conducted a discovery conference, Plaintiff was required to obtain leave of Court or a stipulation from Defendant in order to serve these discovery requests.  See Fed. R. Civ. P. 26(d) & 34(b).

(4)   The Court finds that it would not be appropriate to apply the provisions of Rule 37 to compel Defendant to respond to Plaintiff's requests for production of documents under Rule 34.  First, as noted above, it does not appear that the parties held a discovery conference under Rule 26(f) before Plaintiff served its discovery requests on Defendant.  Second, because Defendant is in default and has never appeared in this matter, it is questionable that Defendant is subject to the discovery obligations that apply to parties.  There is little case law that addresses this question.  However, the court in Blazek v. Capital Recovery Associates, Inc., 222 F.R.D. 360 (E.D. Wis. 2004), held that a defaulting defendant should not be treated as a "party" for the purpose of applying the discovery rules.  As the Blazek court noted:

> Under the federal rules, a defaulting defendant loses many of the rights of a party, such as the right to receive notice of future proceedings (except when the defendant has appeared in the action), the right to present evidence on issues other than unliquidated damages, and the right to contest the factual allegations in the complaint.  Thus, by defaulting, a defendant can reasonably be regarded as having given up most of the benefits that status as a party confers.  A defendant may chose to default for any number of reasons including, for example, cost . . . . However, once a defendant has made the decision to default and become, as it were, a non-party, it would not seem fair to force such defendant to participate in an action to a greater degree than could be required of other non-parties.

Id. at 361 (internal citations omitted).  The court also noted that the plaintiff could obtain the information sought from the defendant through a subpoena issued under Fed. R. Civ. P. 45.

(5)   The Court agrees with the reasoning of Blazek.  Therefore, the Court DENIES Plaintiff's motion to compel pursuant to Rule 37 and denies Plaintiff's request for fees under that rule.

ORDER - 2

1  Instead, Plaintiff may seek Defendant's payroll records through a subpoena issued under Rule 45.[1]  If
2  Defendant fails to obey such a subpoena, Plaintiff may move to have Defendant held in contempt of
3  court under Rule 45(d).

4      (6)    The clerk is directed to send copies of this order to all counsel of record.

5      Dated:   October 12, 2006

7                           s/Marsha J. Pechman
                            Marsha J. Pechman
8                              United States District Judge

---

[1] Pursuant to Rule 26(d), the Court authorizes Plaintiff to issue a subpoena to Defendant without holding a discovery conference under Rule 26(f).

ORDER - 3